

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 18, 1950

Hon. Wiley L. Caffey
District Attorney
Abilene, Texas

Opinion No. V-1091

Re: Legality of machines
which dispense ball
gum or metal trinket
when penny is inserted.

Dear Sir:

Your recent letter inquires as to the legality of the operation of "Gum-Trinket Penny Machines" which, you advise, consist of "a glass ball filled with either ball gum or some other type of gum, and with a lesser number of trinkets, . . . more valuable than the gum. A penny is inserted and the machine dispenses either a piece of gum or a trinket."

Article 619, V.P.C., provides as follows:

"If any person shall directly, or as agent or employee for another, or through any agent or agents, keep or exhibit for the purpose of gaming, any policy game, any gaming table, bank, wheel or device of any name or description whatever, or any table, bank, wheel or device for the purpose of gaming which has no name, or any slot machine, any pigeon hole table, any jenny-lind table, or table of any kind whatsoever, regardless of the name or whether named or not, he shall be confined in the penitentiary not less than two nor more than four years regardless of whether any of the above mentioned games, tables, banks, wheels, devices or slot machines are licensed by law or not. Any such table, bank, wheel, machine or device shall be considered as used for gaming, if money or anything of value is bet thereon. Acts 1907, p. 108; Acts 1913, p. 277." (Emphasis supplied.)

The question here presented is whether the machine described by you is a gaming device. Since the machine contains both ball gum and trinkets and dispenses either a piece of gum or a trinket to one who inserts a coin therein, we agree with you that its operation presents an element of chance. The machine is similar to a slot machine in that the result of playing it depends upon the machine itself and not upon any skill of operation. However, the statute in question makes no distinction

between games of chance and games of skill, and the Texas courts have made no such distinctions.

In Callison v. State, 172 S.W.2d 772, 774 (Tex. Civ. App., 1942, error ref., w.o.m.) appeal dismissed, 320 U.S. 709 (1943) it was said:

"The participant paid 5¢ for the privilege of drawing a capsule containing a number from the bowl. Rule 2 required him to segregate his question from the group displayed on the board and disclose the correct answer in thirty seconds. If he were unable to complete the performance within the thirty seconds, or, if his answer be incorrect, he lost his nickel. If within time and his answer be correct, he received the amount opposite his number combination and question, ranging from 10¢ to one dollar, as above indicated. It cannot be known what the number will be until it is drawn and removed from the capsule.

" . . . .

"We are of the opinion they are 'gaming devices' within the meaning of Art. 619, Penal Code of Texas, which makes it unlawful to 'keep or exhibit for the purposes of gaming, any policy game * * * or device of any name or description whatever * * * or device for the purpose of gaming which has no name. * * *'

"Our code does not define game or gaming, nor does the statute make any distinction between games of chance and games of skill. Texas Courts have made no such distinctions. In the early case of Stearnes v. State, 21 Tex. 692, the Supreme Court, on a consideration of the statute containing the language above quoted, defined a game as follows: 'A game is a trial of skill, or of chance, or of skill and chance, between two or more contending parties, according to some rule by which each may succeed or fail in the trial.' This rule was held to be correct in Toler v. State, 41 Tex. Cr. R. 659, 56 S.W.917. As we understand the opinion in Adams v. Antonio, Tex. Civ. App., 88 S.W.2d 503, writ refused, that definition was again recognized as correct. In this latter case it is said that it was unnecessary to determine whether the game played is one of chance or skill for the reason the statute makes no such distinction (bottom first column, 88 S.W.2d at page 505). The contention that skill

predominates avails nothing.  The inducement and lure of this game is the odds ranging from two to twenty to one. . ."

We cannot test a gaming device by degree or by the amount of money required to operate such device.  The test is in its purpose and method of operation.  The machine here under examination is no less a gaming device merely because the amount of money required for a single operation is trivial; in this case one penny.  It is evident that trinkets are put in the machine to induce prospective players, regardless of age, to place money therein repeatedly with the hope of getting a trinket more valuable than a ball of gum.  The uncertainty of whether the machine will pay off a trinket or a ball of gum offers sufficient element of chance to constitute gaming.  In our opinion, the machine is a gaming device contrary to public policy and prohibited by the statute in question.

## SUMMARY

A gum-trinket machine consisting of a glass ball containing ball gum and trinkets, one of either of which will be dispensed upon the insertion of a penny into such machine, is a gaming device and prohibited by Article 619, V.P.C.

Yours very truly

PRICE DANIEL
Attorney General

APPROVED:

Ned McDaniel
State Affairs Division

Everett Hutchinson
Executive Assistant

By Joe S. Moore
Assistant

Charles D. Mathews
First Assistant

JSM/rt